# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MICHAEL FLORES,<br>　　　*Plaintiff*<br><br>v.<br><br>MARTIN O'MALLEY,[1]<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>　　　*Defendant* | CIVIL NO. 1:23-CV-01341-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Now before the Court are Plaintiff's Unopposed Application for Attorney's Fees Under the Equal Access to Justice Act, filed July 29, 2024 (Dkt. 21), and Defendant's Response, filed August 8, 2024 (Dkt. 22). By Text Order issued August 19, 2024, the District Court referred the Motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.  Background

On November 2, 2023, Plaintiff Michael Flores filed suit challenging the Social Security Administration decision that he is not disabled within the meaning of the Social Security Act. Dkt. 6. Plaintiff argued that the Administrative Law Judge's decision finding that he was not disabled was not supported by substantial evidence and did not apply the proper legal standards. In response, Defendant filed a motion to reverse and remand this action to the Commissioner for

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), he is substituted for Kikolo Kijakazi as the defendant.

further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 17. On May 30, 2023, this Magistrate Judge recommended that the District Court grant Defendant's Motion and reverse and remand this case under the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of Social Security to conduct further administrative proceedings. Dkt. 18. The District Court adopted the Report and Recommendation, reversed and remanded the case to the Commissioner, and entered final judgment in favor of the Plaintiff on July 2, 2024. Dkt. 20.

Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 21. Plaintiff seeks $6,547.10 in attorney's fees, based on 27.38 hours of services rendered on his behalf at a rate of $239.12 per hour. Plaintiff requests no costs. Defendant does not oppose the fee request. Dkt. 22 at 1.

## II.   Analysis

Under the "American Rule," each party ordinarily bears its own attorney's fees unless Congress has explicitly authorized otherwise. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The EAJA grants such authorization, providing that "a court shall award to a prevailing party" attorney's fees and expenses in a civil action against the United States. 28 U.S.C. § 2412(d)(1)(A); *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019). Once a plaintiff establishes that she is a prevailing party "whose net worth did not exceed $2,000,000 at the time the civil action was filed," § 2412(d)(2)(B), "the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust." *W.M.V.C.*, 926 F.3d at 208 (quoting *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988)).

A party who obtains a remand in a Social Security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S. Dep't of Health & Human Servs.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (per curiam); *see also Martinez-Nieves v. Saul*, No. SA-20-CV-00538-ESC, 2021 WL 2292803, at *1 (W.D. Tex. June 4, 2021).

A fee award under the EAJA is to be paid directly to the plaintiff but can be mailed to plaintiff's counsel. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Defendant does not dispute that Plaintiff is the prevailing party and entitled to a fee award under the EAJA. Defendant disputes neither the number of hours for which Plaintiff claims compensation nor the hourly rate sought.

The Court has thoroughly reviewed the fee request and billing records submitted in support of the fee request and agrees that the number of hours billed and the hourly rate are reasonable. Dkt. 21-2. Accordingly, the Court recommends that Plaintiff's request for attorney's fees should be granted.

### III. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff's Unopposed Application for Attorney's Fees Under the Equal Access to Justice Act (Dkt. 21).

The Court **FURTHER RECOMMENDS** that the District Court **ORDER** the Commissioner to remit to Plaintiff's counsel a check made payable to "Michael Flores" for attorney's fees in the amount of $6,547.10, pursuant to 28 U.S.C. § 2412(d)(1)(A). The check may be mailed to Plaintiff's counsel, Jonathan A. Heeps, at The Law Office of Jonathan Heeps, P.O. Box 173472, Arlington, Texas 76003.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

### IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 9, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE